## THE LEONARD F. RICHARDS.

(District Court, E. D. New York. March 14, 1916.)

MARITIME LIENS ☞37—PRIORITY—FORTY-DAY HARBOR RULE.

 The 40-day rule regulating priority of liens' on tugs and other vessels engaged in harbor navigation, even though extended backward in 40-day periods, will not be applied to give priority between claims all of which are so old that the rule of reasonable diligence and laches controls.

 [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 58–70; Dec. Dig. ☞37.]

In Admiralty. Suit by Edgar F. Luckenbach and others against the steam tug Leonard F. Richards. Decree for libelants.

Carter & Carter, of New York City, for libelant Luckenbach.

Alexander & Ash, of New York City, for libelant Schuyler & Cad-dell.

Foley & Martin, of New York City, for libelants Guinan, Shewan, and Sullivan.

CHATFIELD, District Judge. This case must be considered with regard to the express language of the rule adopted March 27, 1915, in this district:

"Proper respect for the opinion of the Circuit Court of Appeals, in the case of Smith et al. v. Samuel Little et al., 221 Fed. 308, 137 C. C. A. 136, decided February 9, 1915, requires adoption or promulgation and application of the '40-day rule' in this district.

"Harmony of rule with the Southern district of New York is thus secured and is of course desirable. As no opposition is made the motion might be granted without further statement, but a formal recognition of the 40-day

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rule will avoid further argument and is hereby made as a basis for future procedure in this district. March 27, 1915."

Upon the direct statement of the Court of Appeals that such a rule should be adopted, the court acted accordingly. The Samuel Little, 221 Fed. 308, 137 C. C. A. 136. Whether that rule is to be held applicable to the facts, whether the rule approved of also in the case of The Samuel Little, supra (that as a matter of principle the time should be divided backward from the *date of process,* into 40-day periods), whether the season or voyage rule should be invoked, or whether the other claims are so old that the rule of reasonable diligence and laches controls, the libelant Sullivan should recover in full, as his claim is the only one within the first and second 40-day period, within the time of a voyage, or even of a season.

The other claims go back from 19 to 26 months. To hold that the least stale of four claims so stale that they have not been sued upon for 19 months, and then have been brought into court only because of the action of another claimant who is diligent, should be allowed to apply a rule which governs only claims less than 40 days old, or to do more than to share equally in whatever has not been lost by their delay, would seem contrary to principle as well as practice.

The claim of Sullivan is allowed in full, and the other claims should be prorated.